IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60477
Summary Calendar
_____


EJIKE OKERE,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.
_____

Appeal from the United States District Court
for the Northern District of Texas
(23246-95)
_____

September 8, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

In this tax protester case, Ejike Okere, a native of Nigeria, appeals the Tax Court's finding of liability for income tax deficiencies and negligence additions in relation to tax years 1991, 1992, and 1993, and its imposition of a jeopardy levy with regard to same. Okere raises a vast number of confused and intertwined arguments, but they all boil down to the following two complaints, neither of which has any arguable merit.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, Okere contends that the Tax Court erred in its finding of tax deficiencies. We review a decision of Tax Court applying the same standards used in reviewing a decision of the district court. Estate of McLendon v. Commissioner of Internal Revenue, 135 F.3d 1017, 1021 (5th Cir. 1998). Findings of fact are accepted unless clearly erroneous; legal conclusions are reconsidered de novo. Ballard v. United States, 17 F.3d 116, 118 (5th Cir. 1994). In this case, Okere's deficiencies were based on wage and capital gain income that he purportedly collected under other names and social security numbers, as well as his taking of certain dependent and head of household exemptions to which he was not entitled. Our review of the record reveals ample evidence, including eyewitness testimony, that Okere was indeed the person who received the income at issue, and that he neither was a head-of-household nor was he supporting the claimed dependents for tax purposes during the years at issue. The Tax Court's findings in this regard were not clearly erroneous, and are therefore affirmed.

Second, Okere asserts that the Tax Court erred in allowing a jeopardy assessment and levy pursuant to I.R.C. § 7429 and in denying him relief for various torts allegedly committed by the Secret Service. The Commissioner requested a jeopardy levy shortly after Okere filed his petition with the Tax Court, when it was determined that he was "designing quickly to depart the United States" and to "place [his] property beyond the reach of the Government by removing it from the United States, by concealing it,

by dissipating it, or by transferring it to others." The alleged torts occurred when the Secret Service arrested Okere outside the Tax Court as part of another aspect of the government's investigation. With respect to the jeopardy levy, it is sufficient to note that, under I.R.C. § 7429(f), "[a]ny determination made by a court under this section shall be final and conclusive and shall not be reviewed by any other court." Okere's jeopardy assessment and levy were imposed after a determination under § 7429, so we have no jurisdiction to review that issue in this appeal. As to the alleged tort claims, it is a fundamental principle of tax law that "[t]he Tax Court is a court of limited jurisdiction, possessing only such power to adjudicate controversies as is conferred upon it by the Internal Revenue Code." Continental Equities, Inc. v. Commissioner of Internal Revenue, 551 F.2d 74, 79 (5th Cir. 1977); see also I.R.C. § 7442. Okere points us towards no provision of the Code conferring jurisdiction for tort actions against Secret Service agents, nor can we locate any. As such, the Tax Court had no jurisdiction over these claims, and properly declined to address them in the first instance.

For the foregoing reasons, the judgment of the Tax Court is AFFIRMED, and Okere's motion to stay collection is DENIED. Furthermore, because this appeal was utterly frivolous, IT IS ALSO ORDERED that Okere show cause within ten days time why reasonable attorney's fees and double costs should not be awarded to the

Commissioner of Internal Revenue as damages, pursuant to Fed. R. App. P. 38.